**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL R. KELLY, | No. 23-70040 |
| *Petitioner-Appellant*, | IRS No. 6225-16 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | OPINION |
| *Respondent-Appellee*. | |

On Petition for Review of an Order of the
United States Tax Court

Submitted May 16, 2025[*]
San Francisco, California

Filed June 5, 2025

Before:  Carlos T. Bea and Ana de Alba, Circuit Judges,
and Jeffrey Vincent Brown,[**] District Judge.

---

[*]The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

 [**]The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

Opinion by Judge Brown

## SUMMARY[***]

### Tax

The panel affirmed the Tax Court's decision on a petition for redetermination of federal income tax deficiencies, holding that the Tax Court did not err by requiring taxpayer to prove the worthlessness of his discharged debts and declining to presume worthlessness because cancellation-of-debt (COD) income arose from that discharge.

Between 2007 and 2010, taxpayer transferred millions of dollars between his business entities, characterizing them as loans. On December 31, 2010, he cancelled many of these purported loans. On his 2010 income tax return, he reported $145 million of COD income but excluded it due to his personal insolvency. He also reported a short-term capital loss of nearly $87 million due to a nonbusiness bad debt write off, claiming that the discharged debt automatically or presumptively rendered it worthless. The IRS did not agree with the simultaneous COD income and worthless debt deduction and disallowed the deduction.

To claim a nonbusiness bad-debt deduction under 26 U.S.C. § 166, a taxpayer must establish that the debt is bona fide, he has an adjusted-tax basis in the debt sufficient to claim the deduction, and the debt became "wholly worthless

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

within the taxable year." The panel was not persuaded by taxpayer's contention that "worthless" debt under § 166 was the same as "discharged" debt under § 61(a)(11), such that a debt discharge eliminates the debt's prior objective value and renders it worthless as a matter of law. The panel held that the Tax Court properly construed the relevant tax statutes to reject this argument, and that the Tax Court properly required taxpayer to prove the worthlessness of his discharged debts instead of presuming worthlessness because COD income arose from that discharge.

The panel next held that the Tax Court did not clearly err in determining that taxpayer's debt was not worthless, given taxpayer's concession that it was not and his failure to show the debts were uncollectible.

## COUNSEL

Kevan P. McLaughlin, McLaughlin Legal APC, San Diego, California, for Petitioner-Appellant.

Bruce R. Ellisen and Douglas C. Rennie, Attorneys, Tax Division, Appellate Section; David A. Hubbert, Deputy Assistant Attorney General; United States Department of Justice, Washington, D.C.; William M. Paul, Acting Chief Counsel, Internal Revenue Service, Washington, D.C.; for Respondent-Appellee.

# OPINION

BROWN, District Judge:

On his 2010 income-tax return, Petitioner-Appellant Michael R. Kelly reported a short-term capital loss of nearly $87 million. This arose from a "bad debt write off" after he cancelled purported loans made between entities in which he had a substantial or complete interest. After the Internal Revenue Service ("IRS") disallowed that deduction, among others, Kelly challenged his income-tax deficiency in two now-consolidated cases. The tax court rejected Kelly's theory that a worthless-debt deduction arises for a creditor when that creditor merely cancels debt owed by others thereby giving rise to cancellation-of-debt ("COD") income in the debtors. This, combined with the tax court's other findings, resulted in income-tax deficiencies over $5 million. Kelly now appeals.

We have jurisdiction to review the tax court's determination under 26. U.S.C. § 7482(a)(1). We affirm.

## I.

Between 2007 and 2010, Kelly transferred millions of dollars between his business entities, characterizing them as loans. These included transfers by Kelly Capital, Kelly's single-member LLC, to First Commercial Corporation ("FCC"), in which Kelly had a 75% stake, and Greenback Entertainment, Inc., which Kelly wholly owned. On December 31, 2010, Kelly cancelled many of these purported loans.

The cancellation affected Kelly's 2010 income-tax return. Kelly reported $145 million of COD income but excluded it due to his personal insolvency. FCC and

Greenback reported COD income of $21 million and $2 million, respectively, but excluded it due to their own claimed insolvency, preventing the income from flowing to Kelly. Kelly also reported a short-term capital loss of nearly $87 million due to a nonbusiness "bad debt write off," including $17.8 million owed by FCC and $2 million owed by Greenback to Kelly Capital. Kelly reasoned that a cancelled debt automatically becomes worthless, creating COD income and a worthless-debt deduction simultaneously. The IRS did not agree and issued Kelly deficiency notices.

Kelly challenged the resulting deficiency notices in tax court, which consolidated his two cases. Following a nine-day trial, post-trial briefing, and subsequent orders, the tax court ruled mostly—but not entirely—in Kelly's favor. *Kelly v. Comm'r*, 121 T.C.M. (CCH) 1561 (T.C. 2021). Relevant to this appeal, the tax court found that (1) transfers to FCC and Greenback before 2008 were bona fide loans but those in and after 2008 were not; (2) Kelly had not established FCC and Greenback were insolvent, such that their COD income would flow through to him; (3) Kelly failed to establish the debts owed to him by FCC and Greenback were worthless in 2010 and could therefore not be deducted from Kelly's income under 26 U.S.C. § 166; and (4) although Kelly was insolvent at the end of 2010, the COD income from FCC and Greenback could not be excluded from his income. *Id.* at *20–23. The tax court's determinations resulted in income-tax deficiencies in the amount of $5,334,424 and $10,123 for 2010 and 2011, respectively. Kelly appeals only the tax court's determinations of the FCC

and Greenback loans' worthlessness at the time of their purported cancellation by Kelly.[1]

## II.

To claim a nonbusiness bad-debt deduction under § 166, the taxpayer must establish: (1) the debt is bona fide, 26 C.F.R. § 1.166-1(c); (2) the taxpayer has an adjusted-tax basis in the debt sufficient to claim the deduction, 26 U.S.C. § 166(b); and (3) the debt became "wholly worthless within the taxable year," 26 C.F.R. § 1.166-5(a)(2). The taxpayer has the burden to show worthlessness by "establish[ing] sufficient objective facts . . . ; mere belief of worthlessness is insufficient." *Cooper v. Comm'r*, 877 F.3d 1086, 1094 (9th Cir. 2017) (quoting *Aston v. Comm'r*, 109 T.C. 400, 415 (1997)). We review the tax court's factual determinations for clear error and conclusions of law de novo. *Id.* at 1090.

## III.

### A.

Kelly argues the tax court erred by not construing "worthless" debt under 26 U.S.C. § 166 the same as "discharged" debt under § 61(a)(11).[2] Under Kelly's theory, a cancelled debt becomes "undeniably worthless and beyond any hope of recovery." Thus, he argues, by allowing FCC and Greenback COD income under § 61(a)(11), the tax court must acknowledge a reciprocal worthless-debt deduction under § 166 as a matter of law. The tax court rejected this

---

[1] The Commissioner filed notice of cross-appeal which we later dismissed pursuant to the parties' stipulation.

[2] Kelly frequently uses "cancel" or "cancelled" instead of the statutory term "discharge" contained in § 61(a)(11).

argument, stating that "Mr. Kelly cannot create a deduction by recording intercompany debt and then canceling it." *Kelly*, 121 T.C.M. (CCH) at \*22. We agree.

The tax court properly construed 26 U.S.C. §§ 61, 108, and 166 to reject Kelly's argument. To determine the meaning of a statute, we begin with the statute's plain text and then consider its structure, object, and policy. *United States v. Cox*, 963 F.3d 915, 920 (9th Cir. 2020). We interpret an undefined statutory term "pursuant to its ordinary meaning." *Id.*

The terms "worthless" in § 166 and "discharge" in § 61(a)(11) are not "mere synonyms" as Kelly contends. Dictionaries from the time of both statutes' enactment define "worthless" as lacking value or utility, and "discharged," in this context, as a release from repayment obligation.[3] Although a debt obligation might lack value at the time of discharge, determining lack of value requires examining the objective facts. The debt discharge does not, as a matter of law, eliminate the debt's prior objective value and render it worthless. Without objective evidence demonstrating worthlessness, any monetary transfer could be categorized as a loan and later cancelled to produce an illegitimate tax benefit to the putative creditor. *See Roth Steel Tub Co. v. Comm'r*, 620 F.2d 1176, 1182 (6th Cir. 1980) (requiring objective worthlessness when "the parties are not dealing at arms length and the creditor stands to benefit from the cancellation"); *Buchanan v. United States*, 87 F.3d 197, 199 (7th Cir. 1996) (highlighting the potential for abuse "if nonbusiness loans could easily be written off to produce a

---

[3] *See, e.g.*, *Discharged*, *Worthless*, WEBSTER'S NEW INTERNATIONAL DICTIONARY 519, 2109 (2d ed. 1934); *Worthless, Discharged,* BLACK'S LAW DICTIONARY (4th ed. 1951).

tax savings"). Congress enacted an objective test of actual worthlessness to subvert this risk. *Whipple v. Comm'r*, 373 U.S. 193, 200 (1963); *see Redman v. Comm'r*, 155 F.2d 319, 320 (1st Cir. 1946) (noting that Congress abandoned the subjective-worthlessness test). Consequently, COD income to the debtor arising from debt discharge does not presumptively render the discharged debt worthless to the creditor.

Moreover, neither § 61 nor § 108(a)(1)(B), both of which address COD income, have any relation to § 166 and the worthlessness determination. Both adopt the freeing-of-assets theory, whereby discharged debt creates a potential gain—depending on the taxpayer's solvency—which has neither a relation to worthlessness nor any reciprocal effect on the creditor. *Merkel v. Comm'r*, 192 F.3d 844, 849 (9th Cir. 1999). In contrast, the § 166 worthless-debt deduction is closer to a casualty loss. *Cf.* Boris I. Bittker & Lawrence Lokken, *Federal Taxation of Income, Estates and Gifts*, 1997 WL 439659, ¶ 33.1 (2024) (relating the rationale behind § 166 to the § 165(c)(3) deduction for casualty losses). Allowing a discharging creditor to claim a worthless-debt deduction would be like allowing an insurance payout to someone who intentionally burned down his own house.

By requiring Kelly to prove the worthlessness of his discharged debts and not presuming worthlessness because COD income arose from that discharge, the tax court properly construed §§ 61, 108, and 166.

**B.**

The tax court did not commit clear error when it determined Kelly's debt was not worthless and Kelly failed to show otherwise. *See Cooper*, 877 F.3d at 1094; *Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007) (citation

omitted). A taxpayer must prove the debt is "wholly worthless." 26 U.S.C. § 166(a)(1). Worthlessness is not determined by comparing the face value of the debt to the debtor's assets; rather, the relevant benchmark is "zero." *L.A. Shipbuilding & Drydock Corp. v. United States*, 289 F.2d 222, 228 (9th Cir. 1961). If any debt is recoverable—even a "modest fraction"—it is not worthless. *Cooper*, 877 F.3d at 1094; *Buchanan*, 87 F.3d at 198–199.

Kelly conceded the debts were not "wholly worthless," referring to them instead as "near[ly] wholly worthless." The evidence before the tax court supports the concession, demonstrating that FCC and Greenback had assets during that tax year, making some part of the debt recoverable. *See Bodzy v. Comm'r*, 321 F.2d 331, 335 (5th Cir. 1963) (excluding nonbusiness bad-debt deduction because "there was evidence of some assets remaining in [the debtor], although small when compared with the debt"). And Kelly failed to show the debts were uncollectible. *See Cooper*, 877 F.3d at 1094 (worthlessness proven if any legal action to collect would be "entirely unsuccessful" (quoting *Dustin v. Comm'r*, 467 F.2d 47, 48 (9th Cir. 1972))); 26 C.F.R. § 1.166-2(b) (same). Indeed, this comports with the tax court's finding that Kelly failed to prove the two entities were insolvent, which finding Kelly does not dispute on appeal. Kelly's subjective determination that the loans had value on January 1, 2010, and became wholly worthless by December 31, 2010, is not enough. *See Cooper*, 877 F.3d at 1094 ("[M]ere belief of worthlessness is insufficient." (quoting *Aston*, 109 T.C. at 415)). The tax court did not commit clear error in finding the debt was not worthless.

## IV.

For these reasons, we conclude the tax court did not err by requiring Kelly to prove the worthlessness of his

discharged debts and declining to presume worthlessness because COD income arose from that discharge.

**AFFIRMED.**